IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Marcus L. Watts, | C/A No. 6:19-cv-0929-JFA-KFM |
|---|---|
| Petitioner, | |
| vs. | **ORDER** |
| Warden, Turbeville Correctional Institution, | |
| Respondent. | |

**I.    INTRODUCTION**

The *pro se* petitioner, Marcus L. Watts ("Petitioner"), brought this action pursuant to 28 U.S.C. § 2254 for habeas relief. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

After reviewing the petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this petition should be dismissed without requiring respondent to file a return because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. (ECF No. 8). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

In response to the Report, Petitioner filed a motion to stay to request permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. (ECF No. 11). This request to stay was granted on April 30, 2019, and Petitioner was given 30 days to request permission from the Fourth Circuit and required to notify the Court of the Fourth Circuit's decision within 60 days. To date, Petitioner has made no additional filings in this matter or otherwise sought to inform the Court of the status of his request to the Fourth Circuit. Thus, this matter is ripe for review.

## II.  STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III.  DISCUSSION

Petitioner seeks to vacate his current criminal sentence based on the grounds of (1) ineffective assistance of counsel, (2) involuntary guilty plea, (3) lack of subject matter jurisdiction, and (4) plea made in ignorance. However, the Magistrate Judge correctly holds that the claims raised in this petition are successive. Although Plaintiff was granted a stay in these proceedings to seek authorization for a successive § 2254 petition, he failed to

notify this Court of the Fourth Circuit's decision. Nevertheless, a review of the Fourth Circuit's records indicates that Petitioner did in fact request authorization to file a successive § 2254 petition and this request was denied on April 29, 2019. *In Re Marcus Leeotis Watts*, No. 19-188, Doc. 5 (4th Cir. Apr. 29, 2019).

As Petitioner's request to file a successive petition was denied by the Fourth Circuit Court of Appeals, this Court is without authority to entertain it. *See* 28 U.S.C. § 2244; *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the response thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 11). Consequently, the petition (ECF No. 1) is dismissed without prejudice and without requiring a return from respondent.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).

IT IS SO ORDERED.

October 2, 2019					Joseph F. Anderson, Jr.
Columbia, South Carolina			United States District Judge

---

In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."